# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JOHN ANDREW ALTES,                                                 PLAINTIFF
#168197

v.                             3:20CV00014-JM-JTK

TERRY MAPES, et al.                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before

1

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     Introduction

Plaintiff John Altes filed this pro se action pursuant to 42 U.S.C. § 1983 while incarcerated as an inmate at the Northeast Arkansas Community Correction Center (Center).[1] He alleged Defendants denied his First Amendment rights, and asked for monetary and injunctive relief against them in their official capacities only. (Doc. No. 2) By Order dated April 21, 2020, the Court dismissed Plaintiff's monetary claims against Defendants. (Doc. No. 19)

Pending before the Court is Defendants' Motion for Summary Judgment, Brief in Support and Statement of Facts (Doc. Nos. 22-24). When Plaintiff failed to respond, this Court directed him, on December 29, 2020, to file a response within fifteen days of the date of the Order. (Doc. No. 25) The Court also warned him that failure to respond would result in all of the facts in Defendants' summary judgment papers deemed admitted by him, or dismissal without prejudice of his Complaint for failure to prosecute. (Id.) As of this date, Plaintiff has not responded to the

---

[1] According to Doc. No. 22-1, Plaintiff was released from the Center to parole on July 8, 2020, after he completed the Modified Therapeutic program.

Motion, or otherwise corresponded with the Court.

**II.    Complaint**

Plaintiff alleged he was required to stand and acknowledge the "Serenity Prayer" as part of his "program" at least twice a day, in violation of his religious beliefs. (Doc. No. 2, p. 4) When he complained and asked to be excused from participating in the prayer, Defendants threatened to remove him from the "program" and send him back to the Arkansas Division of Correction (ADC). (Id.) He asked the Court to prevent Defendants from forcing him and others to participate or acknowledge any religious acts, practices, ceremonies or services, and for damages. (Id., p. 6)

**III.    Motion for Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts)

3

filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e).

The Court agrees with Defendants that Plaintiff's remaining claim for injunctive relief should be dismissed as moot. According to the Declaration of the Warden of the Center, Terry Mapes, Plaintiff was released on July 8, 2020 after he completed the therapeutic program about which he complained in his Complaint. Therefore, since he no longer is subject to the alleged unlawful conditions/violations and did not respond to object to Defendants' Motion, his injunctive relief claim should be dismissed. Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999).[2]

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 22) be GRANTED and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 28th day of January, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] In the April 2, 2020 Proposed Findings and Recommendations, I recommended denial of Defendants' Motion to Dismiss Plaintiff's injunctive relief claim, noting that lawsuits "may be brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law." Raymond v. Board of Regents of University of Minnesota, 140 F.Supp.3d 807, 814 (D. Minn. 2015) (quoting Treleven v. University of Minnesota, 73 F.3d 816, 819 (8th Cir. 1996) (other citations omitted). Since Plaintiff did not respond to Defendants' present Motion to object to dismissal of this claim despite his release, the Court finds his injunctive relief request should be denied as moot.